IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:05CV96
(2:01CR82-1)

| | |
|---|---|
| TIMOTHY DONALD BRYANT,<br><br>Petitioner,<br><br>Vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. No response is necessary from the government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On December 4, 2001, the Petitioner and his two co-Defendants were charged in a two-count bill of indictment with conspiracy to manufacture methamphetamine and using a firearm during and in relation to a drug trafficking offense. **Bill of Indictment, filed December 4, 2001.**

On January 28, 2002, the Petitioner entered a plea of guilty to the two counts of the indictment without benefit of a plea agreement, and on November 1, 2002, the undersigned sentenced the Petitioner to a term of 84 months of imprisonment. **Judgment in a Criminal Case, filed November 14, 2002.** The Petitioner did not file an appeal of his conviction and/or sentence. Therefore, the Petitioner's conviction became final on November 14, 2002. *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)); *United States v. Walker*, 194 F.3d 1307 (table), 1999 WL 760237 (4th Cir. 1999) (citing *Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999)). Petitioner signed his § 2255 motion on April 25, 2005, and same was filed in this Court on April 18, 2005.

> Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255. In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations. . . . In relevant part, the AEDPA amended § 2255 by adding the following language:
>
>> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>> (1) the date on which the judgment of conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be considered final. The Supreme Court has addressed the question of finality in the context of retroactivity. The Court defined a conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."

*Gendron v. United States*, 154 F.3d 672, 673-74 (7th Cir. 1998) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). Because the motion was filed some two years and six months after the Petitioner's conviction became final, the undersigned, therefore, concludes this motion is untimely filed. *Id.*

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE.**

**Signed: May 4, 2005**

Lacy H. Thornburg
United States District Judge