**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CRIMINAL NO.  2:01CR82-1**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| | **)** | |
| **VS.** | **)** | **O R D E R** |
| | **)** | |
| | **)** | |
| **TIMOTHY DONALD BRYANT** | **)** | |
| | **)** | |


       **THIS MATTER** is before the Court on the Defendant's motion for modification of

sentence pursuant to 18 U.S.C. § 3582(c)(2).  The motion is denied.


## I.  PROCEDURAL HISTORY

       On December 4, 2001, the Defendant was charged with conspiracy to manufacture more

than 50 grams of methamphetamine and using and carrying a firearm during that conspiracy, in

violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 924(c).  On January 28, 2002, he

entered a guilty plea to both counts without the benefit of a plea agreement and the undersigned

sentenced him on November 1, 2002, to a term of 84 months imprisonment.  No appeal was

taken from his conviction or sentence.  The Defendant's first motion pursuant to 28 U.S.C. §

2255 was denied by the undersigned as untimely on May 4, 2005.

## II. DISCUSSION

Less than one month after the dismissal of his motion, the Defendant now moves for relief pursuant to 18 U.S.C. § 3582(c)(2) which provides that when a sentencing range has subsequently been lowered by the Sentencing Commission, the sentencing court may reduce the term of imprisonment. Defendant makes no allegation that such has occurred in his case. In fact, his motion merely argues that the indictment charging him was duplicitous and, therefore, constitutionally defective. The Court finds that relief is unavailable pursuant to the statute and that the motion is, in reality, a successive motion pursuant to § 2255.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> • • •
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> • • •
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

*United States v. Winestock*, **340 F.3d 200, 204-05 (4th Cir. 2003).** "The ultimate question here is whether [Defendant's] motion for [relief] should [be] treated as a successive collateral review application." *Id.*, **at 203.**

As previously noted, the Defendant has already filed one motion pursuant to § 2255. Although styled as a motion pursuant to 18 U.S.C. § 3582(c)(2), this is, in reality, a motion

pursuant to § 2255. Therefore, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, it must be presented in the first instance to the Fourth Circuit. ***Winestock, supra*, at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").**

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for modification of sentence is hereby **DENIED.**

**Signed: June 10, 2005**

Lacy H. Thornburg
United States District Judge